08-5419-ag
Kamolli v. Holder

BIA
DiCostanzo, IJ
A078 959 975

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of July, two thousand ten.

PRESENT:
>    GUIDO CALABRESI,
>    REENA RAGGI,
>    RICHARD C. WESLEY,
>        *Circuit Judges*.

_____

ARIAN KAMOLLI,
>        *Petitioner*,

>        v.                                          08-5419-ag
>                                                    NAC

ERIC H. HOLDER, JR.,[*] UNITED STATES
ATTORNEY GENERAL,
>        *Respondent*.

_____

FOR PETITIONER:        Fatos Koleci, Milford, Connecticut.

_____

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric. H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

FOR RESPONDENT:      Tony West, Assistant Attorney
                     General; Ernesto H. Molina, Jr.,
                     Assistant Director, Drew C.
                     Brinkman, Trial Attorney, Office of
                     Immigration Litigation, United
                     States Department of Justice,
                     Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Arian Kamolli, a native and citizen of Albania, seeks review of an October 10, 2008 order of the BIA affirming the December 5, 2006 decision of Immigration Judge ("IJ") Lawrence N. DiCostanzo, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Arian Kamolli*, No. A078 959 975 (BIA Oct. 10, 2008), *aff'g* No. A078 959 975 (Immig. Ct. Hartford Dec. 5, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established.

2

8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir. 2007).

Although Kamolli provided credible testimony that he suffered past persecution, the agency concluded that the government rebutted the presumption of Kamolli's well-founded fear of future persecution by showing changed country conditions in Albania. *See Niang v. Mukasey*, 511 F.3d 138, 148-49 (2d Cir. 2007); 8 C.F.R. § 1208.13(b)(1). The record shows that Kamolli was persecuted by members of the Socialist Party on account of his membership in the Democratic Party, which has since taken control of the Albanian government. Accordingly, substantial evidence, including Kamolli's testimony and the State Department country report, supports the agency's determination that Kamolli was not eligible for asylum based on a well-founded fear of future persecution. *See* 8 U.S.C. § 1252(b)(4)(B); *Hoxhallari v. Gonzales*, 468 F.3d 179, 184-88 (2d Cir. 2006).

Kamolli contends, however, that he is entitled to "humanitarian asylum," *see Jalloh v. Gonzales*, 498 F.3d 148, 151 (2d Cir. 2007), because notwithstanding his failure to establish a well-founded fear of future persecution, he has demonstrated "compelling reasons for being unwilling or

unable to return to [Albania] arising out of the severity of the past persecution," 8 C.F.R. § 1208.13(b)(1)(iii)(A). Without minimizing the effects of beatings suffered by Kamolli in Albania, we conclude that the record does not compel a finding that Kamolli suffered the "long-lasting physical or mental effects of . . . persecution" that would warrant humanitarian asylum. *Jalloh v. Gonzales*, 498 F.3d at 152; *see also Mirzoyan v. Gonzales*, 457 F.3d 217, 220 (2d Cir. 2006) (stating that humanitarian asylum is reserved for "certain rare cases"); *Matter of Chen*, 20 I. & N. Dec. 16, 18-19 (BIA 1989).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4